IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Zita L. Weinshienk

Civil Action No.  06-cv-02459-ZLW-MEH

BANK OF NEW YORK AS TRUSTEE FOR THE CERTIFICATE
HOLDERS OF CWABS 2005-AB1,

      Plaintiff,

v.

DAVIA LOMAX-SMITH and ALTON L. SMITH, and any and all
other occupants claiming an interest under the defendants,

      Defendants.

---

## ORDER OF REMAND

---

      On December 12, 2006, this Court ordered Defendants Davia Lomax-Smith and

Alton L. Smith to show cause in writing why this action should not be summarily

remanded to state court.[1]  Defendants filed their response on December 28, 2006.

After reviewing Defendants' response, the Court finds it lacks jurisdiction to hear this

matter and will remand the matter to state court.

      The state court action sought to be removed is an action for a forcible entry and

detainer, brought under Colorado statutes,[2] over which this federal court has no subject

---

[1]"There is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted); see also Fajen v. Foundation Reserve Ins. Co., Inc., 683 F.2d 331, 332 (10th Cir. 1982).

[2]Colo. Rev. Stat. §§ 13-40-101 to -123 (2006).

matter jurisdiction.[3]  In general, "a case may not be removed to federal court solely because of a defense or counterclaim arising under federal law."[4]

Defendants here claim this Court has jurisdiction because the real property that is the subject of the possession dispute may be part of a bankruptcy matter.  However, this statement alone does not invoke federal question jurisdiction; it remains *Plaintiff's* cause of action that is controlling.  Since Plaintiff's case is brought pursuant to Colorado statute, jurisdiction for this case resides in the state Court.  Accordingly, it is

ORDERED this action is remanded to the County Court, Arapahoe County, Colorado pursuant to 28 U.S.C. § 1447(c).  It is

FURTHER ORDERED that Plaintiff has fifteen days to file any request for costs and attorney fees under 28 U.S.C. § 1447(c).

DATED at Denver, Colorado, this ___10___ day of January, 2007.

BY THE COURT

ZITA L. WEINSHIENK, Senior Judge
United States District Court

---

[3]See, e.g., Topeka Hous. Auth. v. Johnson, 404 F.3d 1245, 1248 (10th Cir. 2005).

[4]Id. at 1247.  "Federal question jurisdiction cannot arise from defenses or counterclaims. It can only be based on the plaintiff's well-pleaded complaint." Garley v. Sandia Corp., 236 F.3d 1200, 1207 (10th Cir. 2001) (citing Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint")).  There is an exception to this rule under 28 U.S.C. § 1443 "which allows removal to address the violation of a right to racial equality that is unenforceable in state court." Hunt v. Lamb, 427 F.3d 725, 727 (10th Cir. 2005) (citing Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  However, neither Defendants' notice of removal nor any of their other filings presents such an allegation.

2